IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AURORA T. KALIMA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 24-386-GBW |
| | ) | |
| SCOT CERESINI, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

Plaintiff Aurora T. Kalima, who is currently housed at the Howard R. Young Correctional Institution (HRYCI) in Wilmington, Delaware, filed a complaint *pro se* and a motion to proceed *in forma pauperis*. (D.I. 1, 4.) The Court granted Plaintiff leave to proceed *in forma pauperis*. (D.I. 6.) This case is subject to this Court's *sua sponte* review and dismissal upon a determination that the pleading is frivolous or malicious, fails to state a claim, or seeks monetary relief from defendants who are immune from such relief. *See* 28 U.S.C. § 1915A(b). At this early stage of the case, this Court accepts the facts alleged in Plaintiff's *pro se* pleading as true, draws all reasonable inferences in Plaintiff's favor, and asks only whether Plaintiff's filing, liberally construed, contains facts sufficient to state a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021).

According to the complaint, Plaintiff is a transgender woman who was housed at Sussex Correctional Institution (SCI), in Georgetown, Delaware, for an unspecified period of time. (*See* D.I. 1.) At SCI, Plaintiff was housed in the Stan Taylor Building, where "a gruesome series of events" occurred that are the subject of a separate civil action. (*Id.* at 6.) Following these events, Plaintiff was moved to the merit building, and the problems ceased. (*Id.*)

Plaintiff initiated the instant action upon being moved back to the Stan Taylor Building. (*Id.* at 7.) Being moved back to the Stan Taylor Building was mentally and emotionally triggering for Plaintiff. (*Id.*) The complaint states that the dorm housing layout of the Stan Taylor Building is not safe for transgender women. (*Id.* at 6.)

Upon returning to the Stan Taylor Building, Plaintiff was harassed by staff and inmates, assaulted by inmates, denied medical treatment, and "forced to act like a male." (*Id.* at 7-8.) Officers told Plaintiff "she would have to go back to giving oral sex to officer[s] and they'd see about permitting her [to] get her GRS (Gender Reaffirming Surgery) in spite of medical Dr. Raab stating she need[s] both" gender affirming hormone therapy and surgery. (*Id.* at 8.)

Plaintiff believes that some or all of the above treatment may have been retaliation for a police investigation into Darren C. Weiford. (*Id.*) Why the

investigation of Weiford prompted retaliation against Plaintiff is somewhat unclear from the facts alleged.

Based on the foregoing, Plaintiff seeks $50,000 in monetary damages, coverage of legal costs and fees, and injunctive relief to end mistreatment and retaliation, provide Plaintiff with proper housing and medical care, and to either transfer Plaintiff or release Plaintiff from custody. (*Id.* at 10.)

The complaint names nineteen Defendants, but it fails to state their specific, personal involvement in the facts alleged. "A defendant in a civil rights action must have personal involvement in the alleged wrongs to be liable." *Sutton v. Rasheed*, 323 F.3d 236, 249 (3d Cir. 2003), *as amended* (May 29, 2003) (internal quotation mark omitted). A defendant "cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." *C.H. ex rel. Z.H. v. Oliva*, 226 F.3d 198, 201 (3d Cir. 2000). In a § 1983 suit, "liability cannot be predicated solely on the operation of *respondeat superior*." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

Since the complaint does not explain the personal involvement of the Defendants named in this case, and personal involvement is required to establish liability in a § 1983 action, the complaint fails to state a claim and will be dismissed. Plaintiff will be given an opportunity to amend the complaint to cure this deficiency. Upon amendment, Plaintiff must provide additional information in accordance with

this Memorandum Order. To raise claims based on SCI staff withholding prescribed and authorized medication from Plaintiff, requiring (or threatening to require) sexual favors of Plaintiff in exchange for medical care (or for any other reason), or failing to protect Plaintiff from harassment and assault by other inmates, Plaintiff must name the SCI staff members involved as Defendants and explain their specific, personal involvement, to include approximate dates or timeframes.

AND NOW, this 27th day of June, based on the foregoing, IT IS HEREBY ORDERED:

1. The complaint (D.I. 1) is **DISMISSED without prejudice** for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

2. Plaintiff is **GRANTED** leave to file an amended complaint no later than July 29, 2025, in accordance with this Memorandum Order. **Failure by Plaintiff to file an amended complaint on or before July 29, 2025 may result in case closure.**

　　　　　　　　　　　　　　　　　　／s／ Gregory B. Williams
　　　　　　　　　　　　　　　　　　The Honorable Gregory B. Williams
　　　　　　　　　　　　　　　　　　United States District Judge